UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

**NICHOLAS JOHNSON**                                          **PLAINTIFF**

**VERSUS**                                                    **CIVIL ACTION NO. _____**

**MANVIR LITT, ET AL**                                        **DEFENDANTS**

### NOTICE OF REMOVAL

TO:   T. TAYLOR TOWNSEND
      T. TAYLOR TOWNSEND, LLC
      PO BOX 784
      DESOTO, LA 71458-0783

Pursuant to 28 U.S.C. §§ 1332(a), 1367, 1441, and 1446, Scottsdale Insurance Company, ("Defendant") gives Notice of Removal of this civil action from the 42nd Judicial District Court for the Parish of DeSoto in Mansfield, Louisiana, to the United States District Court for the Western District of Louisiana, Shreveport Division. In support of this removal, Defendant respectfully submits as follows:

1. The Plaintiff filed his Complaint on or about January 27, 2022, in the 42nd Judicial District Court for the Parish of DeSoto, State of Louisiana ("the State Court Action"). The Complaint was docketed in that court as *Nicholas Johnson vs. Manvir Litt, et al.*; 82792-B. *Exhibit A – Petition*.

2. Plaintiff alleges that he was involved in a motor vehicle accident on January 30, 2021, in DeSoto Parish, Louisiana. *Exhibit A at ¶ 2*. He further alleges that the tortfeasor was Manvir Litt. *Id.* at ¶ *2*. He further alleges that Mr. Litt was employed by Paul Transport, and insured by Scottsdale Insurance Company. *Id. ¶¶ 2, 6.*

1

3. The United States District Court for the Western District of Louisiana, Shreveport Division, embraces the parish in which the State Court Action is now pending. Therefore, removal is proper to this Court pursuant to 28 U.S.C. §§ 104(b)(1) and 1441(a).

4. As set forth below, this Court has original subject matter jurisdiction of this civil action pursuant to 28 U.S.C. §§ 1332 and 1441, because there is complete diversity of citizenship between Plaintiff and all properly joined Defendants, and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

5. As set forth below, this Court also has supplemental jurisdiction of this civil action pursuant to 28 U.S.C. § 1367, because there is currently a case pending in the Western District of Louisiana arising out of the same accident, *Manvir S. Litt v. Berkshire Hathaway, et al* (5:21-cv-1277),[1] and the claims of Plaintiff are so related to the claims in the action with original jurisdiction that they form part of the same case or controversy. *Exhibit B – Original Complaint, Litt v. Berkshire Hathaway, et al., (5:21-cv-1277)*.

**Removal is Based on Diversity Jurisdiction**

6. Citizenship of the parties is determined as of the time the Complaint is filed. *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S., 567, 571 (2004).

7. According to the Petition, Plaintiff, Nicholas Johnson, is a resident citizen of the State of Louisiana. *Exhibit A at introductory paragraph*.

---

[1] *Manvir S. Litt v. Berkshire Hathaway, et al.* was originally assigned to the Lake Charles Division, but was transferred to the Shreveport Division on November 10, 2021, and assigned to Judge Terry A. Doughty and Magistrate Judge Mark L. Hornsby.

2

8. Scottsdale Insurance Company has its principal place of business in Arizona and is incorporated in Ohio. *Exhibit C – Louisiana Department of Insurance.*

9. Paul Transport is a California Corporation with its principal place of business in California and its place of incorporation in California. *Exhibit D – Paul Transport Articles of Incorporation.*

10. Manvir Litt is a Washington State resident and domiciled in the State of Washington. *Exhibit A at introductory paragraph.*

11. Because Plaintiff and all properly joined and served Defendants are citizens of different States, in accordance with 28 U.S.C. § 1332, complete diversity is satisfied.

## Amount in Controversy

12. The amount in controversy exceeds $75,000.00, exclusive of interest and cost. The Plaintiff does not specify an amount of damages in the Petition. However, it is facially apparent that the amount in controversy exceeds $75,000.00. *See, e.g., Allen v. R&H Oil & Gas Co.*, 63 F. 3d 1326 (5th Cir. 1996).

13. Although it is not specified in his Petition, it is believed that Plaintiff contends that he suffered neck and back injuries and damages as a result of being struck from the rear by the vehicle being driven at Manvir Litt.

14. Plaintiff's Petition alleges damages which include past, present, and future (1) medical expenses; (2) pain and suffering; (3) mental pain and anguish; (4) loss of enjoyment of life; (5) scarring and disfigurement; (6) functional impairment/disability; and (7) lost wages. *Exhibit A at ¶ 2.* Plaintiff's Worker's Compensation Insurer has issued a subrogation claim, dated March 18, 2022, in the

amount of $27,127.33 for indemnity, and $19,521.61 for medical expenses to date, for a total of $47,237.30, and indemnity and medical payments are continuing. *Exhibit E – Subrogation Claim*. If we understand the indemnity to be for lost wages, and we add back the 1/3 not paid by worker's compensation, (i.e., approximately $8,952.02), then we can calculate lost wages to date to be $36,079.35. Although Plaintiff does indicate in his Petition the exact nature of his injuries, it is believed, at a minimum, that he is treating for soft tissue injuries to his neck and back, which can merit awards of $20,000 to $25,000, and which included with the medicals and lost wages to date satisfies the amount in controversy. *See Guerrero v. Brookshire Grocery Co.,* 49707 (La.App. 2 Cir. 04/29/15), 165 So.3d 1092; (award of $25,000/CPI inflation adjusted $29,978 for sprain, strain, and soft tissue damage to the lower back). *See also Barnes v. Reed,* 32380 (La.App. 2 Cir. 10/29/99), 743 So.2d 936; (award of $20,000/CPI inflation adjusted $33,735 for low back pain treated with conservative care and pain medication).

15. As it is facially apparent that the amount in controversy exceeds $75,000.00, exclusive of interest and costs, this requirement for diversity jurisdiction is met. *See* 28 U.S.C. § 1332.

### This Court has Supplemental Jurisdiction and Should Consolidate

16. Currently, there is a suit pending in the Western District of Louisiana, *Manvir S. Litt v. Berkshire Hathaway, et al* (5:21-cv-1277), which arises out of the same transaction and occurrence, i.e., the same accident that forms the basis of both Plaintiff's damages in the State Action and the damages alleged in *Manvir S. Litt v. Berkshire Hathaway, et al.*. Thus, the State Action claims substantially relate to the

claims in *Manvir S. Litt v. Berkshire Hathaway, et al.*, and form part of the same case or controversy. 28 U.S.C. § 1332. *See Exhibit A and Exhibit B.*

17. The State Action's Plaintiff, Nicholas Johnson, is already a named Defendant in *Manvir S. Litt v. Berkshire Hathaway, et al.*, and the Western District already has Personal and Subject Matter Jurisdiction over Mr. Johnson and Mr. Litt in that matter.

18. Once removed, we will seek to consolidate the State Court Action with *Manvir S. Litt v. Berkshire Hathaway, et al.*, which is consistent with the interest of judicial economy and fairness. Moreover, failure to do so may result in inconsistent verdicts.

### *Timeliness of Removal and Other Procedural Requirements*

19. The Complaint was filed on January 27, 2022.

20. Defendant, Scottsdale Insurance Company was served via its registered agent, the Louisiana Secretary of State on February 22, 2022.

21. Service was requested on Defendant, Paul Transport, but as of today that service has not been made.

22. Service was requested on Defendant, Manvir Litt, but as of today that service has not been made.

23. As a result of the foregoing, removal of this matter to this Honorable Court is timely, as this *Notice of Removal* is being filed within 30 days of service of the Petition for Damages upon Scottsdale Insurance Company pursuant to 28 U.S.C. § 1446(b)(1).

24. Based upon the foregoing, this is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 11332(a) and supplemental jurisdiction pursuant to 28 U.S.C. § 1337(a), and is one which may be removed to this Court by the Defendant pursuant to 28 U.S.C. § 1441; this is a civil action wherein it is facially apparent that Plaintiff, Nicholas Johnson, has alleged damages which exceed the sum of $75,000.00, exclusive of interest and costs, and the Plaintiff is diverse from the Defendants.

25. In accordance with 28 U.S.C. § 1447(b), Defendant will submit a copy of the state court pleadings no later than 14 days from the date of removal.

26. Contemporaneously with the filing of this notice of removal, Defendant is filing a copy of the same with the Clerk of the 42nd Judicial District Court for the Parish of DeSoto, Louisiana, in accordance with 28 U.S.C. § 1447(b). Additionally, written notice or removal is being given to all parties. *Id.*

27. According to the State Court Action pleadings, the only party that was properly served, and made a Defendant in this matter, Scottsdale Insurance Company, is represented by the undersigned counsel and will be appearing herein.[2]

28. Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and Uniform Local Rules of the Courts.

WHEREFORE, Defendant, Scottsdale Insurance Company, prays that this Notice of Removal be deemed good and sufficient and that the aforesaid matter be removed from the 42nd Judicial District Court for the Parish of DeSoto, State of Louisiana, for trial by jury and

---

[2] Named Defendants, Manvir Litt, and Paul Transport, who have not yet been served, and which have not waived service are also represented by the undersigned counsel, and on information and belief it is understood that if served those named Defendants will consent to removal.

determination as provided by law, and that all record and proceedings in such civil action from the state court and thereupon proceed with the action as if it had been commenced originally in this Honorable Court.

| | |
|---|---|
| **CERTIFICATE OF SERVICE**<br><br>I hereby certify that the foregoing pleading has been delivered to all counsel of record, either by depositing a copy of same in the United States mail, first class postage prepaid, by hand delivery, e-mail or by facsimile transmission, this 24th day of March, 2022, at their last known address of record.<br>         */s/ W. Trevor Smith*<br>_____<br>            **W. Trevor Smith** | Respectfully submitted,<br>*/s/ W. Trevor Smith*<br>_____<br>**GUY D. PERRIER #20323**<br>**W. TREVOR SMITH #33482**<br>Perrier & Lacoste, LLC<br>365 Canal Street, Suite 2550<br>New Orleans, Louisiana  70130<br>gperrier@perrierlacoste.com<br>wsmith@perrierlacoste.com<br>Tel:  (504) 620-0277<br>Fax:  (504) 620-0279<br>**Attorneys for Defendant,**<br>***Scottsdale Insurance Company*** |