UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **MARVIR S. LITT**<br>    Plaintiff | : | CIVIL ACTION NO. _____ |
| VS. | : | JUDGE _____ |
| **BERKSHIRE HATHAWAY HOMESTATE INSURANCE, JOHN STEWART TRUCKING, LLC, AND NICHOLAS L. JOHNSON,**<br>    Defendants | : | MAGISTRATE JUDGE _____ |

**PLAINTIFF'S ORIGINAL COMPLAINT**

The plaintiff, MANVIR S. LITT (the "plaintiff"), files this Original Complaint against BERKSHIRE HATHAWAY HOMESTATE INSURANCE, JOHN STEWART TRUCKING, LLC, AND NICHOLAS L. JOHNSON, (the "defendants"), seeking damages arising out of personal injuries, mental anguish, and emotional distress suffered by the plaintiff.

**A. PARTIES**

1. Plaintiff, Manvir S. Litt, is an individual and a citizen of the State of Washington.

2. Defendant, Berkshire Hathaway Homestate Insurance, is an insurance company incorporated under the laws of the state of Nebraska but authorized to do and doing business in the State of Louisiana, which may be served through its agent for service of process, Secretary of State, 8585 Archives Avenue, Baton Rouge, LA, 70809.

3. Defendant, John Stewart Trucking, LLC, is a limited liability company incorporated under the laws of the State of Louisiana. Defendant, John Stewart Trucking, LLC, has its principal place of business in the State of Louisiana. Service of process on defendant may be made according to

1

the laws of the State of Louisiana by serving its registered agent, Russell Busby, 805 San Antonio Ave., Many, LA 71449.

4. Defendant, Nicholas L. Johnson, is an individual and a citizen of the State of Louisiana who may be served with process at 4329 Carters Ferry Road, Zwolle, LA 71486.

## B. JURISDICTION

5. The Court has jurisdiction over this lawsuit under 28 U.S.C. § 1332(a)(1) because plaintiff and defendants are citizens of different U.S. states, and the amount in controversy exceeds $75,000.00, excluding interest and costs.

## C. VENUE

6. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district. A tractor trailer owned and/or operated by the defendants was involved in a motor vehicle crash with plaintiff, Manvir S. Litt, that occurred on Interstate Highway 49 South near mile post 185.8 in DeSoto Parish, Louisiana. The defendant, Nicholas L. Johnson, resides at 4329 Carters Ferry Road, Zwolle, Sabine Parish, LA 71486.

## D. FACTS

7. On January 30, 2021, at approximately 6:25 p.m., plaintiff, Manvir S. Litt, was the operator of a certain motor vehicle, namely a 2015 Freight Line 125 bearing California license plate number XP10973, which motor vehicle was lawfully and properly traveling in the right lane of Interstate Highway 49 southbound ("I-49 South") near mile markers 185.8 in DeSoto Parish, Louisiana.

8. At the aforesaid time and place, defendants, Nicholas L. Johnson and John Stewart Trucking, LLC, owned, managed, possessed, operated and/or controlled a certain motor vehicle,

namely a 2007 Mack 613 tractor bearing Louisiana license plate number J048398 which was hauling a trailer loaded with logs/timber products at night.

9.      Prior to this crash, the aforesaid 2007 Mack 613 tractor and trailer entered the outside lane of I-49 South from the LA 175 on ramp into the path of plaintiff's tractor trailer.

10.     At all times mentioned herein and material hereto, it was dark.

11.     The 2007 Mack 613 tractor and trailer owned and operated by Nicholas L. Johnson and John Stewart Trucking, LLC was travelling at speeds far below the posted speed limit of 70 MPH as it entered the plaintiff's lane of travel. At that time, the hazard flashing lights on the 2007 Mack 613 tractor and trailer were not activated, nor were any other precautions or methods employed to warn traffic that the tractor trailer was being driven by defendants far below the speed limit.

12.     Immediately prior to the crash, the plaintiff's vehicle was travelling at approximately 70 miles per hour in the outside lane of I-49 South. After plaintiff crested the overpass over LA Highway 175 he suddenly encountered the defendants' slow moving tractor trailer which pulled out of front of him into his lane of travel from the entrance ramp.

13.     Prior to impact, plaintiff attempted to avoid a collision and applied the brakes, depositing approximately 60 feet of tire marks in the outside lane, and attempted to steer to the right.

14.     Despite plaintiff using reasonable care to avoid a collision, plaintiff was unable to avoid the sudden emergency created by defendants, and his tractor collided with the logs/forest products that extended from the rear of defendants' trailer.

15.     As a result of the crash, logs from the defendant's trailer pierced the front end of plaintiff's vehicle impaling him and causing serious life-threatening injuries.

16. Plaintiff traveled approximately 405 feet post impact before coming to rest near the outside shoulder. Likewise, Defendants' tractor trailer traveled approximately 454 feet before coming to rest near the outside shoulder.

17. As a result of the aforesaid collision, plaintiff, Manvir S. Litt, was severely injured and was unable to get out of his truck on his own without extraction.

18. At all times mentioned herein and material hereto, defendant, Nicholas L. Johnson, was operating the aforesaid motor vehicle, which was owned and maintained by defendant, John Stewart Trucking, LLC, with said defendant's knowledge, permission and consent.

19. Upon information and belief, at all times mentioned herein and material hereto, the defendant's 2007 Mack 613 tractor bearing Louisiana license plate number J048398 and the trailer it was hauling had in effect an insurance policy issued by Berkshire Hathaway Homestate Insurance Company bearing number 02TRMO29614-03. Defendants, Berkshire Hathaway Homestate Insurance Company, John Stewart Trucking, LLC, and Nicholas L. Johnson, are therefore liable jointly or *in solido* unto Plaintiff for the damages and losses sustained by Plaintiff in said crash, which are itemized and set out hereafter.

COUNT 1: NEGLIGENCE OF NICHOLAS L. JOHNSON

Plaintiff complains against defendant, Nicholas L. Johnson, and for a first claim for relief alleges:

20. Plaintiff incorporates by reference all preceding paragraphs of this Complaint, the same as fully set forth hereinafter.

21. Defendant, Nicholas L. Johnson, was careless and negligent in:

a. Entering the interstate highway directly in front of plaintiff's vehicle at a slow and dangerous rate of speed at night;

b. Failing to take notice of plaintiff's vehicle;

c. Negligently entering the interstate highway without proper control of his motor vehicle;

d. Negligently entering the interstate highway without giving proper and sufficient warning of his motor vehicle;

e. Negligently entering the interstate highway without ample and safe room to enter;

f. Failing to yield to Manvir S. Litt's vehicle;

g. Failing to maintain proper and safe control of his motor vehicle;

h. Failing to observe traffic and vehicular conditions;

i. Failing to observe safe driving precautions and procedures under all of the circumstances;

j. Operating said motor vehicle in a careless and negligent manner;

k. Failing to exercise reasonable care under all the circumstances;

l. Failing to use his hazard warning flashers or otherwise adequately warning traffic that he was moving at a very slow speed on a 70 MPH interstate highway at night;

m. Violating La. R.S. 32:382 in various ways including but not limited to by operating a load carried by a combination of vehicles transporting timber poles/forest products at night;

n. Failure to abide by the basic rules of the road;

o. Failure to adhere to safe driving principles expected of professional truck drivers with commercial driver's licenses;

p. Failing to operate the tractor-trailer in accordance with generally accepted safety principles and practices of the trucking industry;

5

    q.    Acting negligent *per se* by violating several state and federal statutes and regulations, including, but not limited to, 49 CFR § 383.111(a)(9)-(11), (13) (required knowledge of speed management, space management, night operation, and hazard perceptions), which were the legal causes of the crash.

## COUNT II: NEGLIGENCE OF JOHN STEWART TRUCKING, LLC

Plaintiff complains against defendant, John Stewart Trucking, LLC, and for a second claim for relief alleges:

22.    Plaintiff incorporates by reference all preceding paragraphs of this Complaint, the same as if fully set forth hereinafter.

23.    Defendant, John Stewart Trucking, LLC, was careless and negligent in:

    a.    Failing to properly train Nicholas L. Johnson on the manner in which he should safely and properly pull the tractor from the on-ramp of a highway onto a highway;

    b.    Instructing Mr. Johnson to pull the tractor from the on-ramp of the highway onto the highway at an extremely slow and dangerous rate of speed at night;

    c.    Failing to have proper policies and procedures in place for training drivers or drivers-in-training on the manner in which drivers should safely enter onto a highway;

    d.    Instructing Mr. Johnson to negligently enter the highway without proper control of the motor vehicle;

    e.    Instructing Mr. Johnson to negligently enter the highway without ample and safe room to enter;

    f.    Failing to have policies and procedures in place to ensure that drivers or drivers-in-training could safely operator tractors;

    g.    Failing to ensure that Mr. Johnson observed traffic and vehicular conditions then and there existing;

    h.    Failing to ensure that Mr. Johnson observed safe driving precautions and procedures;

    i.    Failure to act reasonably in hiring and retaining Mr. Johnson and to promulgate and enforce rules and regulations to ensure its drivers were reasonably safe;

    j    Permitting, allowing and consenting to the defendant, Nicholas L. Johnson, operating a load carried by a combination of vehicles transporting timber poles/forest products improperly and at night in violation of La. R.S. 32:382.

    k.    Acting negligent *per se* by permitting, instructing, allowing and consenting to Mr. Johnson to operate a motor vehicle despite violating several state and federal statutes and regulations, including 49 CFR § 383.111(a)(9)-(11), (13) (required knowledge of speed management, space management, night operation, and hazard perceptions which were the legal causes of the crash.

    l.    Entrusting Mr. Johnson with an improperly loaded tractor-trailer knowing that he would be operating them on an interstate highway at night;

    m.    Entrusting, instructing and permitting Mr. Johnson to drive under the circumstances;

    n.    Negligently training, supervising and managing Mr. Johnson; and

    o.    Violating state and federal laws/regulations governing trucking companies and their operations of tractor-trailers.

COUNT III: NEGLIGENT ENTRUSTMENT BY JOHN STEWART TRUCKING, LLC

Plaintiff complains against defendant, John Stewart Trucking, LLC, and for a third claim for relief alleges:

24.    Plaintiff incorporates by reference all preceding paragraphs of this Complaint, the same as if fully set forth hereinafter.

25.    At all times material hereto, defendant, John Stewart Trucking, LLC, knew or should have known that defendant, Nicholas L. Johnson, was unable to safely and properly operate the vehicle in question.

26. Defendant, John Stewart Trucking, LLC, failed to make a proper inquiry into the background of defendant, Nicholas L. Johnson, in order to properly determine if he was capable of safely driving the aforesaid tractor.

27. Defendant, John Stewart Trucking, LLC, failed to properly monitor and maintain its vehicle so as to be in a position to prevent unsafe drivers, such as defendant, Nicholas L. Johnson, from operating defendant's vehicle.

COUNT IV: VICARIOUS LIABILITY OF JOHN STEWART TRUCKING, LLC

Plaintiff complains against defendant, John Stewart Trucking, LLC, and for a fourth claim for relief alleges:

28. Plaintiff incorporates by reference all preceding paragraphs of this Complaint, the same as if fully set forth hereinafter.

29. Defendant, Nicholas L. Johnson, was the employee, agent, servant, or independent contractor for John Stewart Trucking, LLC at all times pertinent herein. Accordingly, it is vicariously liable for the acts of Nicholas L. Johnson as in the causes of action described above.

COUNT V: STRICT LIABILITY OF JOHN STEWART TRUCKING, LLC

Plaintiff complains against defendant, John Stewart Trucking, LLC, and for a fifth claim for relief alleges:

30. Plaintiff incorporates by reference all preceding paragraphs of this Complaint, the same as if fully set forth hereinafter.

31. Defendant, John Stewart Trucking, LLC, is the registered owner of the truck bearing USDOT number 2895746 which was displayed on the truck involved in the collision and is therefore responsible for the negligent acts of the defendant driver set forth above, or for any vices or defects of the subject truck, or any unreasonably dangerous conditions associated with same.

## E. DAMAGES

32. By reason of the carelessness and negligence of defendants, Berkshire Hathaway Homestate Insurance, John Stewart Trucking, LLC, and Nicholas L. Johnson, as aforesaid in plaintiff's claims for relief herein, plaintiff, Manvir S. Litt, sustained catastrophic, life-altering and permanent personal injuries. Mr. Litt sustained severe injuries throughout his entire body for which he was required to remain as an in-patient at LSU Health Sciences Center from January 30, 2021 through February 9, 2021.

33. By reason of the carelessness and negligence of defendants, plaintiff, Manvir S. Litt, sustained a complete traumatic amputation of his left forearm, a complete traumatic amputation of his left leg between the knee and ankle, acute blood loss from anemia, fever, open fracture of left proximal humerus, left axillary artery injury, and acute and post-traumatic stress disorder, among other injuries.

34. By reason of the carelessness and negligence of defendants, plaintiff, Manvir S. Litt sustained numerous medical injuries, procedures, and surgeries. These include, but are not limited to: a complete traumatic amputation of his left forearm, a complete traumatic amputation of his left leg between the knee and ankle, acute blood loss from anemia, fever, open fracture of left proximal humerus, left axillary artery injury, left shoulder disarticulation, left revision below the knee amputation, trans humeral amputation at the level of the proximal humerus fracture, wound exploration and debridement of the left upper extremity, amputation of left upper extremity at level of the humeral head, wound exploration and debridement of left lower extremity, guillotine amputation of left lower extremity, fasciocutaneous pedicled flap of left shoulder region, fasciocutaneous pedicled flap of left lower extremity, local tissue rearrangement of left shoulder region, acute stress disorder, decreased endurance and pain.

35. By reason of the carelessness and negligence of defendants, plaintiff, Manvir S. Litt has further sustained permanent scarring and disfigurement; he has suffered from post-traumatic anxiety and depression; he sustained other orthopedic and psychological injuries, the full extent of which has yet to be determined; he has in the past been required and may in the future continue to be required to submit to x-rays, MRIs and other diagnostic studies; he has in the past suffered and may in the future continue to suffer agonizing aches, pains and mental anguish; he has in the past and may in the future continue to endure pain and suffering; he has incurred significant past medical bills and will likely incur future medical bills; he has in the past and will in the future continue to be disabled from performing his usual duties, occupations and vocations, all to his great loss and detriment which has resulted in a past wage loss as well as a future wage loss including a loss of earning capacity; and he has suffered a significant loss of life's pleasures.

36. By reason of the carelessness and negligence of defendants, Berkshire Hathaway Homestate Insurance, John Stewart Trucking, LLC, and Nicholas L. Johnson, plaintiff, Manvir S. Litt, has incurred various expenses, including medical expenses and bills, and plaintiff will be obligated to continue to expend monies and incur further obligations for his medical care and treatment, for an indefinite period of time in the future and most likely for his lifetime.

37. Plaintiff, Manvir S. Litt, has sustained and makes a claim for pain and suffering, loss of physical function, permanent scarring and disfigurement, permanent physical, mental and psychological injuries, humiliation and embarrassment, loss of earnings and earning capacity, loss of life's pleasures, property damage, and any and all other damages to which he is entitled or may be entitled under Louisiana law.

38.     Defendants are justly and truly indebted, jointly, individually and in solido, unto plaintiff for such sums as are reasonable in the premises, together with legal interest thereon from date of judicial demand until paid, and for all costs of these proceedings.

**WHEREFORE**, plaintiff, MANVIR S. LITT, prays for the following relief:

I.      Trial by jury;

II.     Judgment in favor of plaintiffs and against all defendants, for damages in such amounts as may be proven at trial;

III.    Compensation for non-economic losses, including, but not limited to, medical expenses, disfigurement, pain and suffering, mental anguish and emotional distress, loss of earnings and earning capacity, in such amounts as may be proven at trial;

IV.     Punitive and/or exemplary damages in such amounts as may be proven at trial;

V.      Pre- and post-judgment interest; and

VI.     Any and all further relief, both legal and equitable, that the court may deem just and proper.

BY HIS ATTORNEYS:

/s/ JERE JAY BICE
**JERE JAY BICE** (Bar Roll No. 18793)
**MICHAEL G. HODGKINS** (Bar Roll No. 20862)
**PEYTON F. PAWLICKI** (Bar Roll No. 37826)
Veron, Bice, Palermo & Wilson, LLC
721 Kirby Street
P.O. Box 2125
Lake Charles, LA 70602
Telephone: (337) 310-1600
Fax: (337) 310-1601
jay@veronbice.com
mgh@veronbice.com
peyton@veronbice.com