UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| NICHOLAS JOHNSON | CIVIL ACTION NO. 22-cv-820 |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| MANVIR S LITT, ET AL | MAGISTRATE JUDGE HORNSBY |

**REPORT AND RECOMMENDATION**

**Introduction**

Manvir Litt was injured when the tractor-trailer rig he was driving collided with a log truck that entered the interstate ahead of him. Mr. Litt filed a civil action against Nicholas Johnson, who was driving the log truck, as well as Johnson's employer and insurer. See 21-cv-1277. Mr. Johnson filed his own suit in state court that named as defendants Mr. Litt, Litt's employer, and his insurer. It is Johnson's petition, removed to this court, that forms the basis of this civil action.

The two cases were consolidated for a time. Some of the claims in Mr. Litt's case were settled, and—after nondiverse defendants were added—the remaining claims were dismissed without prejudice for lack of subject matter jurisdiction. Thus, only Mr. Johnson's civil action remains pending in this court. Before the court is Mr. Litt's Motion to Dismiss (Doc. 21) that asks for dismissal of all of Johnson's claims against him for failure to make timely service. For the reasons that follow, it is recommended that the motion be granted and that the claims against Litt be dismissed without prejudice.

**Analysis**

Federal Rule of Civil Procedure 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." "But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Id.

This case was removed on March 24, 2022, so the 90-day period expired in June 2022. It is now more than five months after that June deadline. Mr. Litt represents in his motion that there was one attempt at long-arm service on him, which was unsuccessful, and no other attempt at service has been made. When service is challenged, the serving party bears the burden of proving its validity or good cause for failure to effect timely service. Kitchen v. Walk-On's Bistreaux & Bar, 2020 WL 2404911, *3 (W.D. La. 2020) (Doughty, J.) (citing Sys. Signs Supplies v. U.S. Dep't of Justice, Washington, D.C., 903 F.2d 1011, 1013 (5th Cir. 1990)). The motion to dismiss was noticed for briefing, but Mr. Johnson has not filed any opposition, requested an extension of time to make service, or otherwise argued that valid service has been made.

The undersigned is ordinarily generous in affording a reasonable extension of the Rule 4(m) period when there is evidence of efforts at service being made and a motion for extension of time is filed, but there has been no such request in this case. Under these circumstances, especially considering the lack of opposition to the motion, the best exercise of the court's discretion is to dismiss without prejudice all claims against Mr. Litt. The other two defendants have filed answers, and the case will proceed against them.

Accordingly,

It is recommended that Manvir Litt's Motion to Dismiss (Doc. 21) be granted and that all claims against Manvir Litt be dismissed without prejudice.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 27th day of December.

_____
Mark L. Hornsby
U.S. Magistrate Judge